RECEIVED
IN LAKE CHARLES, LA.
APR 26 2017
TONY R. MOORE, CLERK
BY_____
      DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| CAROL J. VINCENT | CIVIL ACTION NO. |
| VERSUS | JUDGE _____ |
| CITY OF SULPHUR, <br>     Sulphur Police Chief Lewis Coats <br>     Sulphur Police Officer BRISCOE, and <br>     Other John Doe Sulphur Police Officers, <br>     to be named upon discovery of formal <br>     identity. <br> CALCASIEU PARISH SHERIFF'S OFFICE; <br>     Sheriffs Deputy JAMES REED, <br>     And; other John Doe Calcasieu Parish <br>     Sheriff's Deputies, to be named upon <br>     discovery of formal identity. <br> ERNEST BARKATE, <br> LAWRENCE EDWARD KNICKS, <br> ROBERT LOUVIERE, SR. | MAGISTRATE KAY <br><br> 2:17-cv-0573 |

FILED: _____  :  _____
      FILE DATE                                       DEPUTY CLERK OF COURT

## COMPLAINT

Comes the Plaintiff and for cause of action would state as follows:

### I.

### INTRODUCTION

Plaintiff adamantly, and emphatically, states that the following allegations; by Plaintiff, is a clear and precise example of police corruption at its best! It is also an example of the corruption which exists in the City of Sulphur Mayoral administration of Christopher Duncan and ALL Five (5) members of the City of Sulphur City Council.

This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §1983; under the Louisiana Tort Law Statutes; for intentional and/or negligent infliction of emotional distress, false arrest, false imprisonment, negligence, negligent supervision, gross negligence, civil conspiracy, criminal conspiracy, defamation per se, defamation.

On or about the dates of April 16, 2016, to April 27, 2016, Sulphur, Louisiana, Police Department Officers (heretofore SPD Defendants), and Calcasieu Parish Sheriff's Deputies (heretofore CPSO Defendants); while the aforementioned Defendants were acting in the scope of their employment and under color of state law, the aforementioned law enforcement officers willfully, wantonly, and maliciously conspired to execute an unlawful arrest of plaintiff, using excessive force against plaintiff by placing handcuffs on Plaintiff that cut into his wrist, harassing, humiliating, and embarrassing plaintiff in a public place. The SPD Defendants, and the CPSO Defendants, conspired to falsely charge, arrest, and imprison Plaintiff without probable cause and/or justification.  The Defendants' actions caused injury to the Plaintiff in the form of humiliation, embarrassment, anxiety, intentional infliction of emotional distress, damage to Plaintiffs character, and negligent infliction of emotional distress.

Action is also brought against the City of Sulphur, and City of Sulphur Police Department, for its failure to properly train, and supervise, the individual Defendants in proper dispatch policies. The City of Sulphur, City of Sulphur Police Department, and City of Sulphur Police Chief Lewis Coats failed in its establishment of policies, procedures, practices, and customs regarding investigations, communications to outside law enforcement agencies, conspiracy, negligence, and negligent infliction of emotional distress.

Action is also brought against City of Sulphur, Louisiana, Police Chief Lewis Coats for failure to properly train and/or supervise his subordinates, and establishment of policies, procedures, practices, customs regarding the proper use of investigation techniques, of communications with outside law enforcement agencies, and the transfer of obtained/confiscated/seized evidence.

Action is also brought against both the City of Sulphur Police Department and the Calcasieu Parish Sheriff's Department for past and present harassment of plaintiff.

## II.

## JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. §1983, and venue is properly set in the United States District Court for the Western District of Louisiana.
2. The causes of action alleged herein arise from factual allegations occurring in this judicial district.
3. On information and belief, it is alleged that each of the named Defendants resides in this judicial district.
4. The Court's supplemental and **PENDENT** jurisdiction is invoked via Plaintiff's claims; against Defendants who are citizens of the City of Sulphur, arising under the laws of the State of Louisiana and City of Sulphur, Louisiana. The allegations and claims stated herein are related and form a part of the nucleus of events which were the causation of the federal claims and allegations.

## III.

### PARTIES

**A. Plaintiff**

5. Plaintiff, CAROL J. VINCENT, 435 W. LOGAN ST., SULPHUR, LOUISIANA, 70663, is a citizen and resident of Sulphur, Louisiana.

B. **Defendants**

6. Defendant City of Sulphur - is a political subdivision of the State of Louisiana, was at all times material to the allegations in this complaint.

7. Defendant Sulphur Police Officer Briscoe was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the City of Sulphur, Louisiana, and was acting under color of state law.

8. Other John Doe defendants who are to be named upon discovery of their formal identity, are employed by the City of Sulphur, Louisiana, as police officers,

9. Defendant Lewis Coats serves as Chief of Police and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the City of Sulphur, Louisiana, and was acting under color of state law. The City of Sulphur, Louisiana, has established or delegated to defendant Coats, as the appointed Police Chief of Sulphur, Louisiana, the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by the City of Sulphur, Louisiana, regarding police investigations, police communications with other law enforcement agencies, communications with community businesses, communications with citizens of the City of Sulphur, Louisiana, on matters of

arrest and violations of law, and training of the rights of the citizens, and visitors, of the City of Sulphur, Louisiana.

10. The City of Sulphur is responsible for the training and supervision of all employees of the City of Sulphur, Louisiana police department which is inclusive of City of Sulphur Police Chief Lewis Coats.

11. Other John Doe Sulphur Police Officer defendant's; who were at all times material to the allegations in this Complaint, are to be named upon discovery of their formal identity.

12. **DEFENDANT Calcasieu Parish Sheriff's Department**

13. Defendant JAMES REED, CALCASIEU PARISH SHERIFF'S OFFICE, who was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the Calcasieu Parish Sheriff's Department, and acting under color of state law, and who is being sued PERSONALLY AND PROFESSIONALLY.

14. And; other John Doe Calcasieu Parish Sheriff's Deputy defendant's to be named upon discovery of their formal identity, who were at all times material to the allegations in this Complaint, acting in their capacity as Police Officer's employed by the Calcasieu Parish Sheriff's Department, and who were acting under color of state law, and being sued both PERSONALLY AND PROFESSIONALLY.

15. Defendant ERNEST BARKATE - ERNEST BARKATE, 212 N. LINCOLN ST., SULPHUR, LOUISIANA, 70663, is a citizen and resident of Sulphur, Louisiana, and was at any/all times material to the allegations in this Complaint.

16. Defendant LAWERENCE EDWARD KNICKS - LAWERENCE EDWARD KNICKS, 1109 PLATT ST., SULPHUR, LOUISIANA, 70663, is a citizen and resident of Sulphur, Louisiana, and was at any/all times material to the allegations in this Complaint.

17. Defendant ROBERT LOUVIERE, SR. - ROBERT LOUIVERE SR., 244 SOUTHSIDE ST. SULPHUR, LOUISIANA, 70665, is a citizen and resident of Sulphur, Louisiana, and was at any/all times material to the allegations in this Complaint.

IV.

**PREDICATE FACTS**

18. On or about the date of April 17, 2016, Carol J. Vincent (heretofore listed as plaintiff) was at McDonalds, Huntington Street, Sulphur, Louisiana; sitting with two male individuals known as L.E. Nix and Robert Louivere, when a person known as Ernest Barkate joined (without being asked) the aforementioned group of listed individuals.

19. Plaintiff was not paying much attention to the conversation Nix, Louivere, and/or Barkate were having, when Barkate (heretofore listed as defendant) stated to Nix – "Can you see Koonce beating the fuck out of this motherfucker?"

20. The "motherfucker" Barkate was referencing was plaintiff.

21. Plaintiff told defendant to back off and leave him alone.

22. Barkate changed the conversation he was having with Nix and Louivere.

23. Approximately Five (5) minutes later the defendant stated to Nix and Louivere; "Koonce is gonna jump on that motherfuckers ass and beat the shit out of him."

24. Plaintiff again told defendant that he needed to "back off" and get off plaintiff's ass.

25. Again; defendant chose another topic of the discussion he was having with Nix and Louivere.

26. Defendant was at no time engaging in conversation with plaintiff; nor was plaintiff engaging the defendant in conversation.

27. For a Third (3rd) time the defendant again stated to Nix; "Koonce should've whipped Vincent's ass years ago when he had the chance."

28. Immediately after defendant's statement to Nix – plaintiff took a One Hundred Dollar ($100) bill out of his wallet and placed it on the table in front of Barkate and stated to the defendant.

29. Plaintiff stated to Barkate; "If you're so anxious to see Koonce whip my ass, match that hundred dollar bill and go phone Koonce and tell him to meet me behind Mike's Car Wash."

30. Mike's car was is located immediately north of McDonalds.

31. Defendant then stated to plaintiff; again, that Koonce was going to "Whip your fuckin' ass and you ain't gonna do shit."

32. Again; plaintiff told defendant to back off plaintiff's ass and leave him alone.

33. Again; defendant began to state to Nix and Louivere that Koonce could whip plaintiff with one hand tied behind his back.

34. Barkate stated that he could whip plaintiff's ass.

35. It is a fact, that the exact words Barkate stated directly to plaintiff were; "You couldn't whip me on your best day!"

36. For a Fourth (4th) time, plaintiff warned defendant to leave him alone or he was going to have a big problem.

37. To plaintiff's statement the defendant directly stated to plaintiff; "So what the fuck you gonna do."

38. Barkate immediately stood up, moved to the end of the booth that all of the aforementioned persons were sitting and drew back his fist while looking directly into plaintiffs eyes.

39. Plaintiff immediately saw the defendant standing over him with his fist drawn back.

40. And plaintiff, while attempting to stand up, and while perceiving an attack by the defendant, swung and hit the defendant on the side of his face – knocking him to the floor.

41. The incident was captured on video surveillance, by McDonalds.

42. The defendant contacted the Sulphur Police Department (heretofore SPD) and reported that he had been sucker punched by C.J. Vincent, without provocation.

43. The SPD (allegedly 3 SPD officers) investigated the incident and viewed the film footage taken by McDonalds.

44. After investigation; the SPD advised McDonalds managers, and employees, that the video showed the plaintiff to be defending himself, it was "mutual combat," and that there was nothing they would and/or could do about the matter.

45. Plaintiff was advised that during the investigation; by the SPD, Officer Briscoe, of the SPD, took a cell phone video of the McDonalds original video.

46. Immediately after the initial investigation, by the SPD, the SPD met with a Calcasieu Parish Sheriff's Deputy, Lamar Mayo, on 4/19/16.

47. Hind sight now dictates that there was a conspiratorial meeting, and effort, between the SPD and the CPSO to arrest and jail plaintiff.

48. The SPD officer/s who met with the CPSO are unknown at this time. But; they obviously convinced the CPSO to arrest plaintiff (as plaintiff was actually

arrested and jailed) and charge him falsely (defamation per se) with violating of La.R.S. 14:35.2 – Simple Battery of the Infirm.

49. At any/all times what-so-ever, plaintiff emphatically and adamantly denies the charge against him and strongly proclaims his innocence.

50. On the approximate date of Tuesday, April 27, 2016, plaintiff was arrested at the City of Sulphur Public Library, Cypress Street, Sulphur, Louisiana.

51. The library was very crowded with people; it was during regular business hours for the library.

52. The arrest was at a location, and time of day, which was readily, and easily, viewable by the public.

53. The warrant for plaintiff's arrest was signed by Judge Mike Canady.

54. Bail was set at Fifteen Hundred Dollars ($1500) and No Cents.

55. Plaintiff was charged with violation of 14:35.2.1, Simple Battery of the Infirmed.

56. Plaintiff further states that the April, 2016, incident at McDonalds; whereby the defendant attempted to intimidate, bully, threaten, defame, and provoke plaintiff, was not the first time the defendant Barkate attempted to provoke an incident between plaintiff, himself, and/or Mike Koonce (ex-city councilman in Sulphur) – which plaintiff will clearly demonstrate at trial of the instant matter.

57. It is a fact that plaintiff has avoided the defendant at any/all times he was in the presence of the defendant, at any location with the defendant, and/or in close proximity to the defendant – due to the harassment the defendant had caused plaintiff previously.

58. Any/all law enforcement Defendants were aware, or should have been aware, that an arrest, detention, and jailing of plaintiff without probable cause and/or justification violated Plaintiff's U.S. Constitutional, and Louisiana Constitutional, rights to be free from false arrest, detention, and jailing without

proper evidence, and proper witnessing, of a crime being committed – especially if the alleged crime was classified as a misdemeanor.

59. Any/all law enforcement Defendants were aware, or should have been aware, that investigations of alleged crime scenes, and the dissemination of the results of those investigations of crime scenes, require special procedures, policies, and customs to be used so as to not violate a persons constitutional rights and freedoms in the United States of America and the State of Louisiana.

60. Any/all law enforcement Defendants, individually, and in concert with the other law enforcement defendants, acted under color of law in his/her official capacity, to deprive Plaintiff of his United States and Louisiana Constitutional Rights, and Plaintiff's rights to freedom from illegal arrest, detention, and imprisonment. All of the aforementioned rights are secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States of America and by 42 U.S.C.A § 1983.

61. Defendants, City of Sulphur and Coats, failed to adequately supervise any/all law enforcement officers of the City of Sulphur; and subordinates of Police Chief Lewis Coats, involved in Plaintiffs allegations contained herein.

62. At the time of the incident, and allegations, contained herein, Plaintiff was emotionally and physically suffering from previous interactions with the City of Sulphur Police Department.

63. Plaintiff's ability to perform and enjoy his usual day-to-day activities and pleasures has been impaired.

64. Plaintiff has suffered severe emotional distress and mental anguish affecting his psychological well-being.

65. As a direct and proximate result of the intentional and/or negligent acts of Defendants, the Defendants destroyed Plaintiffs personality.

66. Plaintiff further states that he was, on the approximate date of April 17, 2016, defending himself against an attack by the defendant.

67. Plaintiff is entitled to compensation for the constitutional, and personal, harms the Defendants have inflicted upon him.

68. Plaintiff is entitled to compensation for his loss of liberty, loss of respect of the community, and false charges being levied against him that will never be erased off of his record.

V.

## CAUSES OF ACTION

### COUNT 1

### VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. § 1983
(General Allegations)

69. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-64 of this Complaint.

70. In committing the acts complained of herein, all law enforcement persons were acting under the color of law to deprive Plaintiff of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Louisiana Constitution and Laws, including, but not limited to: a) the right to be free from false arrest; b) the right to not be deprived of liberty without due process of law; c) the right to be free from false imprisonment; d) the right to be free from excessive force by persons acting under the color of state law.

71. In violating Plaintiffs rights as set forth above and other rights that will be proven at trial, law enforcement Defendants acted under color of state law and conducted a false arrest, false accusation, false imprisonment, defamation, and defamation per se of Plaintiff in violation of Plaintiffs rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Constitution of Louisiana.

72. As a direct and proximate result of the violation of Plaintiffs constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and he is entitled to relief under 42 U.S.C. § 1983.

73. The conduct of any/all law enforcement Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT 2.

### Violations of Civil Rights Pursuant to Title 42 U.S.C. § 1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

74. Plaintiff alleges and incorporates herein by reference the allegations set forth in paragraphs 1-64 of this Complaint.

75. Defendant City of Sulphur, and City of Sulphur Police Chief Lewis Coats, in his capacity as Chief of Police of the City of Sulphur Police Department, and the City of Sulphur, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, the allowing of employees of the Sulphur Police Department to conspire with other law enforcement agencies to unlawfully and illegally detain, falsely arrest, and falsely imprison Plaintiff without legal justification, when video evidence proved the innocence of the Plaintiff. Plaintiff alleges that the City of Sulphur and Police Chief Lewis Coats failed to properly train and/or supervise subordinates in proper investigation methods, proper communication methods, and in the rights of Plaintiff under the U.S. and Louisiana Constitutions.

76. The failure of Police Chief Coats, and the City of Sulphur, to adequately train and supervise their subordinates amounts to deliberate indifference to the rights of Plaintiff to be free from conspiracy, free from false arrest, and free from false imprisonment under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

77. As a direct result of this deliberate indifference to Plaintiffs rights, Plaintiff suffered emotional injuries, injuries to his personality, injuries to his character, and injuries to his public image and is entitled to relief under 42 U.S.C. §1983.

78. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from false arrest; b) the right to be free from false imprisonment; c) the right to not be deprived of liberty without due process of law.

### COUNT 3.

**Violation of Civil Rights Pursuant to 42 U.S.C. §1983**
**(False Arrest)**

79. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-50 of this Complaint.

80. In committing the acts complained of herein, Defendant CPSO officers; who are to be individually identified when their formal identity if discovered, acted under color of state law by falsely arresting and detaining the Plaintiff with no basis in law to do so. The SPD officers who originally investigated, and viewed a film of the incident, had informed McDonalds managers and staff that the incident they had investigated; which involved Plaintiff and Defendant Barkate, showed Plaintiff acted in self-defense, the incident was a "mutual combat," and that there was nothing they would/could do about the matter. Yet; upon the SPD officers meeting with the CPSO deputies Plaintiff was falsely arrested and falsely imprisoned due to the conspiracy between the SPD and the CPSO officers.

81. In violating Plaintiffs' right to be free from false arrest, the Defendants violated Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

82. As a direct and proximate result of the violation of his constitutional right to be free from false arrest by the Defendants, Plaintiff suffered serious personal injuries and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

## COUNT 4.

### Violation of Civil Rights Pursuant to 42 U.S.C. §1983
### (False Imprisonment)

83. Plaintiffs realleges and incorporates herein by reference the allegations set forth in paragraphs 1-64 of this Complaint.

84. Plaintiff avers that the Defendants, CPSO officers, breached a duty of care owed to Plaintiff, so as not to deprive him of his personal liberty, by intentionally, and with full knowledge that the SPD had informed them their investigation showed Plaintiff was acting in self-defense, arrested and imprisoned Plaintiff without just cause.

85. Plaintiff avers that the Defendant CPSO officers detective James Reed and Senior Corporal Lamar Mayo, fabricated an affidavit which was submitted to Judge Michael Canady to effectuate an arrest warrant for the arrest and imprisonment of Plaintiff, with full knowledge that the SPD had advised them that Plaintiff was acting in Self-defense.

86. At no time during the false arrest and false imprisonment did Plaintiff resist or attempt to resist the Defendant officers, but was fully cooperative with the orders of the Defendant CPSO; who had hand cuffed Plaintiff at the City of Sulphur public library, in full view of any/all patrons, thereby causing Plaintiff great humiliation, embarrassment, and degradation.

87. Plaintiff avers that the Defendants of the CPSO are liable to him for false arrest and false imprisonment.

88. As a direct and proximate result of the false arrest and false imprisonment, by the CPSO Defendants, Plaintiff suffered serious personal injuries, emotional distress, and anxiety.

## COUNT 5.

### Violation of Civil Rights Pursuant to 42 U.S.C. §1983
### (Negligence)

89. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-64 of this Complaint.

90. Each Defendant owed Plaintiff a duty to use due care at or about the times of the aforementioned presentment of arrest warrants to Judge Canady for review and signature.

91. Each Defendant owed Plaintiff a duty to use due care at or about the times of the aforementioned false arrest and false imprisonment.

92. Each Defendant owed Plaintiff a duty to use due care; and not present a false and fabricated arrest warrant affidavit to Judge Michael Canady for review and signature. The Defendants did in fact and deed breach that duty of care and did in fact and deed submit a false and fabricated arrest warrant Affidavit to Judge Canady.

93. In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiffs as alleged herein.

## COUNT 6.

### Violation of Civil Rights Pursuant to 42 U.S.C. §1983
### (Negligent Supervision)

94. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-64 of this Complaint.

95. Each Defendant law enforcement officer owed Plaintiff a duty to use due care at or about the time of the aforementioned incident of presenting false documents to Judge Canady, of falsely arresting Plaintiff, and of falsely imprisoning Plaintiff.

96. Defendant Lewis Coats, of the SPD, negligently supervised Defendants of the SPD by failing to provide proper training and/or outline proper procedure in integrity of arrest warrant affidavits presented to the court, proper police investigation, proper police communications, proper communications with the public, proper communications with McDonalds management and staff, and proper training on conspiracy and conspiracy theory.

97. Defendant Lewis Coats negligently supervised Defendants of the SPD by failing to provide proper training and outline proper procedure in dispatching information and communications with people.

98. Defendant Lewis Coats negligently supervised members of the SPD who were involved in the investigation of the herein described incident, by failing to provide proper training and outline proper procedure in dispatching information.

99. In committing the aforementioned acts or omissions, each Defendant of the SPD and CPSO negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.

### COUNT 7.

**Violation of Civil Rights Pursuant to 42 U.S.C. §1983**
**(CONSPIRACY)**

100. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-50 of this Complaint.

101. The Defendants of the SPD and CPSO present a common design through a concert of actions which involved the making of overtly false statements in their reports regarding the circumstances surrounding the aforementioned incident between Plaintiff and Defendant Barkate.

102. The Defendants Ernest Barkate, Lawrence Knicks, and Robert Louivere present a common design through a concert of actions which involved the making of overtly false statements to members of the SPD and CPSO regarding the circumstances surrounding the aforementioned incident between Plaintiff and Defendant Barkate.

103. The Defendants Ernest Barkate, Lawrence Knicks, and Robert Louivere, in a blatant conspiracy effort, present a common design through a concert of actions which involved the making of overtly false statements to members of the SPD and CPSO regarding the circumstances surrounding the aforementioned incident between Plaintiff and Defendant Barkate?

104. The Defendants Ernest Barkate, Lawrence Knicks, and Robert Louivere present a common design through a concert of actions which involved the making of overtly false statements to members of the SPD and CPSO regarding the circumstances surrounding the aforementioned incident between Plaintiff and Defendant Barkate and such conspiratorial efforts, by the three previously mentioned Defendants, were the direct causation of Plaintiff being falsely arrested and falsely imprisoned.

105. In committing the aforementioned acts, each Defendant directly and proximately injured, damaged, libeled, and caused emotional distress to the Plaintiff herein.

106. Plaintiff fully anticipates SUPPLEMENTING AND AMENDING THIS COMPLAINT by naming other John Doe SPD AND CPSO defendants upon discovery of their formal identity.

## COUNT 8.

### Violation of Civil Rights Pursuant to 42 U.S.C. §1983
### (FILING FALSE POLICE REPORT)

107. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-50 of this Complaint.

108. The Defendants Ernest Barkate, Lawrence Knicks, and Robert Louivere presented a concert of actions and statements, to any/all police officers of the SPD and CPSO, which involved the making of overtly false statements to members of the SPD and CPSO, regarding the events surrounding the aforementioned incident between Plaintiff and Defendant Barkate on or about the dates ranging from April 16, 2017, to April 27, 2016, inclusively. Such conspiratorial efforts, by Barkate, Nix, and Louviere, in concert, and in a clearly willful, malicious, wanton, and intentional conspiratorial effort, were the direct causation of Plaintiff being falsely charged, falsely arrested and falsely imprisoned.

109. Defendants listed in paragraph 108 violated La.R.S. 14:133 – Filing a False Public Record (police report) and the actions of the aforementioned Defendants is covered by the PENDENT JURISDICTION of this Court as it is a direct part of the nucleus of events which caused irreparable harm to Plaintiff under the guises of the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution and also the Laws of the State of Louisiana.

## PRAYERS FOR RELIEF

**WHEREFORE**, the above premises considered, Plaintiff demands:

110. That process issue to the Defendants and that they be required to answer in the time allowed by law

111. That judgment be rendered in favor of the Plaintiff and against the Defendants on all causes of action asserted herein.

112. That Plaintiff be awarded those damages to which it may appear he is entitled by the proof submitted in this cause for their mental pain and suffering, both past and future; permanent injury; loss of his personality, and any/all psychological expenses needed in the future as a result of the Defendants actions asserted herein.

113. That Plaintiff be awarded punitive damages against the Defendants.

114. That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable expert fees, office supplies, research time spent, time compiling this Complaint, travel, time spent in deposition, and time spent in discovery.

115. That the Plaintiff receive any other further and general relief to which it may appear they are entitled.

116. A jury for the trial of this matter.

Respectfully Submitted;

_Carol J. Vincent_
Carol J. Vincent
Pro Se Plaintiff
435 Logan Street
Sulphur, Louisiana 70663
vncntcj@yahoo.com
cvncntj@gmail.com
337/215-3042