# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| CAROL J. VINCENT | : | DOCKET NO. 17-cv-573 |
| --- | --- | --- |
| VERSUS | : | JUDGE MINALDI |
| CITY OF SULPHUR ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is the civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Carol J. Vincent ("Vincent"). Doc. 1. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## I.
### BACKGROUND

This action arises from an altercation between Vincent and three individuals – Lawrence Knicks, Robert Louviere, and Ernest Barkate – named as defendants herein at a restaurant in Sulphur, Louisiana, on April 17, 2016. Doc. 1, pp. 6–7. Vincent claims that Knicks, Louviere, and Barkate were sitting near him and began to discuss the likelihood that another individual, "Koonce," would beat up Vincent. *Id.* Vincent states that he engaged in a verbal altercation with Barkate, Knicks, and Louviere, warning them multiple times to leave him alone. *Id.* He alleges that Barkate stood and advanced on him with his fist drawn back, at which point he hit Barkate on the side of the face and knocked him to the floor. *Id.* at 8.

Vincent contends that the encounter was captured on video surveillance at the restaurant, that Sulphur Police Department ("SPD") officers dispatched to the scene reviewed the footage and that one of the officers, Briscoe, used his cell phone to take a video of the restaurant's surveillance footage. *Id.* Vincent alleges that the officers deemed the incident to be "mutual combat" and stated that there was nothing they could or would do about it. *Id.* However, he believes that unnamed SPD officers later met with Calcasieu Parish Sheriff's Office ("CPSO") deputy Lamar Mayo on April 19, 2016, and convinced him to arrest the plaintiff on a charge of simple battery of the infirm. *Id.* at 8–9.

Vincent states that he was arrested on this charge, pursuant to a warrant signed by Judge Michael Canaday, at a public library in Sulphur on April 27, 2016, at a time when the library was very crowded. *Id.* at 9. Bail was set at $1500. *Id.* Vincent does not state how long he was incarcerated, but contends that he has suffered severe emotional distress, other mental/emotional injury, and damage to his reputation as a result of the arrest. *Id.* at 10–11. Accordingly, he brings this action against Barkate, Knicks, and Louviere, as well as the CPSO, SPD, City of Sulphur, and various named and unidentified CPSO and SPD officers. He makes the following claims under 42 U.S.C. § 1983:

1. The defendants are generally liable for subjecting him to false arrest, false imprisonment, defamation, deprivation of liberty without due process of law, and excessive force.
2. Defendants City of Sulphur and Sulphur Police Chief Lewis Coats are liable to Vincent for failing to implement appropriate policies, customs, and practices, in order to prevent Vincent's false arrest and detention.
3. Defendant CPSO officers committed false arrest and false imprisonment of Vincent.
4. The defendants negligently presented a false and fabricated search warrant to Judge Canaday.
5. Defendant Lewis Coats negligently supervised and trained SPD defendants.
6. The CPSO and SPD defendants engaged in a conspiracy with Barkate, Knicks, and Louviere to effect Vincent's false arrest and imprisonment.

> 7. Defendants Barkate, Knicks, and Louviere conspired to file a false police report against Vincent.

*Id.* at 11–18. As relief he seeks monetary damages. *Id.* at 19.

## II.
## LEGAL STANDARDS

### A. Frivolity Review

Vincent has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. This act directs a district court to dismiss an action if the court determines that it is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2)

that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### III.
#### ANALYSIS

*A. False Arrest/Imprisonment*

A claim of false arrest or imprisonment is actionable under § 1983 because it implicates the guarantees of the Fourth and Fourteenth Amendments. *Sanders v. English*, 950 F.2d 1152, 1159 (5th Cir. 1992) (citing *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988)). However, the petitioner must show that there was no probable cause to arrest or detain him in order to prevail. *Haggerty v. Texas Southern Univ.*, 391 F.3d 653, 655 (5th Cir. 2004); *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001).

Vincent admits that he was arrested for violation of Simple Battery of the Infirm. He does not challenge that his attack on Barkate meets the elements of the offense under Louisiana Revised Statute § 14:35.2 but instead contends that there was no probable cause because he acted in self-defense.[1] Here, therefore, Vincent states a potentially viable claim for false arrest/imprisonment based on his allegations that SPD officers conveyed the information known to them establishing Vincent's claim of self-defense to CPSO officers and that CPSO officers nonetheless persisted in obtaining a warrant and arresting him on that warrant. However, pursuant to the *Heck* doctrine, his claims of false arrest and imprisonment are barred unless he can show that these claims would not

---

[1] The Fifth Circuit holds that "under certain circumstances, a police officer's awareness of the facts supporting a defense can eliminate probable cause." *Thomas v. City of Galveston, Tex.*, 800 F.Supp.2d 826, 836 (S.D. Tex. 2011) (quoting *Jocks v. Tavernier*, 316 F.3d 128, 135 (5th Cir. 2003)).

> As other courts have held, this does not require an officer to affirmatively investigate potential defenses, but it does prohibit him from ignoring knowledge that he already possesses relating defenses. The Fourth Amendment does not permit police officers to arrest individuals whom they know have done nothing wrong, based solely on the formalistic distinction between "elements of a crime" and "affirmative defenses."

*Id.*

invalidate a criminal conviction.² Therefore he must amend to explain whether he was convicted of any criminal offense relating to the fight with Barkate on April 17, 2016.

### B. Deprivation of Liberty Without Due Process

The petitioner asserts that he was deprived of liberty without due process of law; however, he also states that he was arrested pursuant to a warrant and that bail was set in this matter. Even if he can show that he was not convicted of the charge or any related offenses, as set out above, this showing is largely irrelevant to a claim of deprivation of liberty without due process of law. *See Baker v. McCollan*, 99 S.Ct. 2689, 2695 (1979) ("The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released.") Vincent should amend this claim to specify how his arrest and detention were lacking in due process of law and which actors were responsible.

### C. Excessive Force

Vincent also claims that he was subjected to excessive force, evidently as a result of his arrest.

Unlike the false arrest/false imprisonment claims, a claim of excessive force is not necessarily barred under *Heck* in the event that Vincent was convicted of any offense relating to his fight with Barkate. *See Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008) (a claim that excessive force occurred after the arrestee ceased the conduct which gave rise to the criminal charge was not barred by *Heck*). However, the facts alleged by Vincent do not indicate that any force was used in his arrest, let alone a constitutionally excessive amount.

---

² Based on the Supreme Court's decision in *Heck v. Humphrey*, a court may not entertain a suit for damages under § 1983 when the claims would necessarily undermine the validity of a state court criminal conviction. *Curran v. Aleshire*, 67 F.Supp.3d 741, 747 (E.D. La. 2014) (citations omitted); *see, e.g.*, *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) (plaintiff in § 1983 action who was arrested and charged with resisting search and disorderly conduct, failed to state a cognizable claim for false arrest absent invalidation of his conviction for resisting search).

To establish a claim of excessive force under the Fourth Amendment, a plaintiff must demonstrate: "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005) (citing *Harper v. Harris Cty.*, 21 F.3d 597, 600 (5th Cir. 1994)). Psychological injuries may sustain this claim. *Dunn v. Denk*, 79 F.3d 401, 402 (5th Cir. 1996). However, Vincent does not allege that any force was used to accomplish his arrest. He only complains that it took place in a public area, subjecting him to embarrassment. Therefore Vincent should dismiss this claim or amend it to explain the involvement of force in his arrest.

### D. *Inadequate Supervision and Failure to Implement Policies*

Vincent also brings claims based on the alleged failure of the City of Sulphur and Sulphur Police Chief Lewis Coats to adequately supervise law enforcement officials and to implement appropriate policies to prevent the conspiracy he alleges between SPD and CPSO. We read these claims as a unified one of inadequate training/supervision.

To state a claim based on inadequate training or supervision, the plaintiff must plead sufficient facts to show (1) that the supervisor failed to train or supervise the subordinate official, (2) a causal link between the failure to train or supervise a subordinate and the violation of a constitutional right and (3) that the failure to train or supervise amounts to deliberate indifference. *Cook v. City of Dallas*, 2015 WL 7352121, *5 (N.D. Tex. Aug. 23, 2015) (citing *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008)). Deliberate indifference is "a stringent standard of fault," distinguishable from both negligence and gross negligence. *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (citation omitted); *Conner v. Travis Cty.*, 209 F.3d 794, 796 (5th Cir. 2000).

Vincent alleges deliberate indifference under his claim that defendants failed to implement appropriate policies, but only alleges negligence in their supervision. Doc. 1, pp. 12, 16. To the extent that Vincent intends to combine these claims, he should do so in his amended complaint. If he does not and can only allege negligence in his supervision claim, he should dismiss it as explained below.

### E. *Negligence and Qualified Immunity*

A claim may be dismissed on initial review if the court determines that the defendant is immune from suit. § 1915(e)(2). As a general rule, government officials (including police officers) are entitled to qualified immunity when acting in a discretionary capacity, so long as their conduct does not violate "clearly established statutory or constitutional law of which a reasonable person would have known." *Hernandez ex rel. Hernandez v. Texas Dep't of Protective and Reg. Servs.*, 380 F.3d 872, 879 (5th Cir. 2004) (citations omitted); *Mangieri v. Clifton*, 29 F.3d 1012, 1015 (5th Cir. 1994). Negligence does not support the denial of qualified immunity. *Zarnow v. City of Wichita Falls, Tex.*, 500 F.3d 401, 410–11 (5th Cir. 2007).

Vincent's allegations of negligent supervision may be construed as failure to train/supervise and thus rise to a potentially cognizable claim, as explained above, if he can allege deliberate indifference. However, his claim that defendants acted negligently in preparing the arrest warrant will not overcome the officers' defense of qualified immunity. Therefore this claim should be dismissed or likewise amended to state how the alleged constitutional violation was the result of something more than negligence.

### F. *Defamation*

Vincent makes a brief mention of defamation under his first claim. Such a claim may be cognizable under § 1983 when the petitioner alleges (1) stigma and (2) infringement on some other

interest protected under state or federal law as a result of the alleged defamation. *Blackburn v. City of Marshall*, 42 F.3d 925, 935–36 (5th Cir. 1995). Stigma consists of "concrete, **false** factual assertions" and infringement occurs if the state seeks "to remove or significantly alter a life, liberty, or property interest recognized and protected" under federal or state law. *Tebo v. Tebo*, 550 F.3d 492, 504 (5th Cir. 2008) (quoting *Texas v. Thompson*, 70 F.3d 390, 392)) (emphasis added). Vincent's cursory assertions are insufficient to determine which actors he seeks to hold responsible for the alleged defamation and which incidents he believes form the underlying stigma. Accordingly, if he wishes to assert a claim for defamation under § 1983, he must particularize his allegations along the above standards.

### G. Proper Parties

#### 1. Barkate, Knicks, and Louviere

As stated *supra*, a § 1983 claim must center on action committed by a person acting under color of state law. A private individual is only liable under § 1983 if he "is engaged in a conspiracy or willfully engages in joint activity with one or more parties acting under color of state law." *Todd v. City of Natchitoches, Louisiana*, 238 F.Supp.2d 793, 803 (W.D. La. 2002) (citation omitted). To establish a conspiracy under § 1983, the plaintiff must show that the defendants "had a unity of purpose, common design, and understanding, or meeting of the minds in an unlawful arrangement to violate the plaintiff's constitutional rights." *Id.* (internal quotations and citations omitted).

The Fifth Circuit holds that conclusory allegations will not suffice when conspiracy asserted; specific facts must instead be pleaded. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). In so doing, the plaintiff must allege the operative facts of the conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir. 1987). "Charges as to such conspiracies must be based on

substantial and affirmative allegations, and no mere gossamer web of conclusion or inference" will suffice to sustain a conspiracy claim. *Crummer Co. v. Du Pont*, 223 F.2d 238, 245 (5th Cir. 1955).

Barkate, Louviere, and Knicks are not alleged to be state actors, and so Vincent must support his claim that they were involved in a conspiracy with state actor defendants in order to keep them in the suit. Vincent has also alleged a conspiracy between the SPD and CPSO defendants, asserting a specific meeting date and coordination involving certain individuals. No such specifics are alleged as to the private individuals, and indeed Barkate, Louviere, and Knicks disappear from the narrative entirely after the encounter on April 17, 2016. Therefore, in order to sustain a claim for conspiracy as to the private individuals and keep them in the action, Vincent must amend his complaint to state specific facts in support thereof. Additionally, to the extent that he raises Barkate, Knicks, and Louviere's alleged joint effort to file a false police report against him as separate grounds for relief, that claim fails because he does not allege them to be in conspiracy with state actors in those actions. He should either explain how the conspiracy to file a false police report involved state actors as co-conspirators or dismiss that claim.

### 2. *Calcasieu Parish Sheriff's Office*

The Federal Rules of Civil Procedure provide that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b). Thus, Louisiana law governs whether the above entity has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE ANN. art. 24. Louisiana does not grant such legal status to any parish sheriff's office. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So.2d 236 (La. Ct. App. 3d Cir. 1977). Thus a parish sheriff's office is not a legal entity capable

of being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D. La. 1988); *accord Cummings v. Blange*, 2010 WL 60193, *1 (E.D. La. Jan. 5, 2010). Vincent's claims against CPSO therefore fail to state a claim upon which relief can be granted and should be dismissed.

### IV.
#### AMEND ORDER

Vincent's petition is deficient in numerous respects. Accordingly, in order for this court to determine which of his claims should survive initial review,

**IT IS ORDERED** that Vincent amend his complaint as outlined above within thirty (30) days of this order. Failure to comply will result in dismissal of his case pursuant to this court's inherent authority.

THUS DONE this 26th day of May, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE