# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CAROL J. VINCENT** | : | **DOCKET NO. 17-cv-573** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **CITY OF SULPHUR ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## <u>REPORT AND RECOMMENDATION</u>

Before the court is the amended civil rights complaint [doc. 5] filed pursuant to 42 U.S.C. § 1983 by *pro se* litigant Carol J. Vincent. In the amend order [doc. 4], we notified Vincent that the Calcasieu Parish Sheriff's Office ("CPSO") was not a proper party and that all claims against that entity should be dismissed. Doc. 4, pp. 9–10. Vincent does not attempt to raise any claims against the CPSO as an entity – only individual officers – in his amended complaint. *See* doc. 5, pp. 17–26. Accordingly, **IT IS RECOMMENDED** that all claims agains the CPSO be **DISMISSED WITH PREJUDICE** for the reasons stated in our preceding order, and that this party be dismissed from the suit.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule Civil

Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

     THUS DONE AND SIGNED in Chambers this 29th day of June, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE