UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| CAROL J. VINCENT | : | DOCKET NO. 17-cv-573 |
|---|---|---|
| VERSUS | : | JUDGE MINALDI |
| CITY OF SULPHUR ET AL. | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is the amended civil rights complaint [doc. 5] filed pursuant to 42 U.S.C. § 1983 by *pro se* litigant Carol J. Vincent. There is some confusion from Vincent's complaint and amended complaint about whether he might be attempting to name the City of Sulphur Police Department as a party.[1] Like the Calcasieu Parish Sheriff's Office, which we previously recommended be dismissed from this suit [doc. 7], the City of Sulphur Police Department is not a proper party to this matter because it is not a juridical entity under Louisiana law. *See Martin v. Davis*, 2007 WL 763653, *2 n. 2 (E.D. La. Mar. 8, 2007) (collecting cases).

Accordingly, **IT IS RECOMMENDED** that all claims against the City of Sulphur Police Department be **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and that this party be dismissed from the suit.

---

[1] Vincent lists various individual officers of the Sulphur Police Department, but not the department itself, under "Parties" in his amended complaint. Doc. 5, pp. 17–21. However, he states earlier in the complaint that this is a lawsuit against, among others, the City of Sulphur Police Department. *Id.* at 10. He does not appear to have attempted to serve the Department, but the return of service for the Chief of Police Lewis Coats, named as an individual defendant, was docketed in this court's filing system as "SUMMONS Returned Executed Police Dept City of Sulphur." Doc. 13.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 10th day of August, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE