UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CAROL J. VINCENT** | : | **DOCKET NO. 17-cv-573** |
| **VERSUS** | : | **JUDGE WALTER** |
| **CITY OF SULPHUR ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court are two Motion to Dismiss [docs. 33, 55] filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendant Lawrence Nix ("Nix") in response to the amended complaints [doc. 5, 35] filed in forma pauperis by pro se plaintiff Carol J. Vincent ("Vincent"). Vincent has not filed an opposition to either motion, and his time for doing so has passed.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For reasons provided below, **IT IS RECOMMENDED** that both Motions be **DENIED**.

### I.
### BACKGROUND

The facts and Vincent's allegations, in general, are summarized in our preceding report and recommendation. Doc. 61. Relevant to this motion, Vincent alleges that Nix engaged in a conspiracy with the Calcasieu Parish Sheriff's Office ("CPSO"), the Sulphur Police Department ("SPD"), and private co-defendants Ernest Barkate and Robert Louviere, to have Vincent arrested on charges of which they knew him to be innocent. Doc. 5, pp. 28–29, 36–39. He also alleges that Nix, Barkate, and Louviere made false statements to the SPD and CPSO. *Id.* at 38. Accordingly,

he seeks to hold Nix liable under 42 U.S.C. § 1983 for civil rights violations and under state tort law, Louisiana Civil Code articles 2315 and 2324.

Nix brought a Motion to Dismiss [doc. 33] against Vincent's first amended complaint [doc. 5], and then a second Motion to Dismiss [doc. 55] against Vincent's third amended complaint [doc. 35]. Vincent has filed no opposition to either motion, and his time for doing so has passed.

## II.
### LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal of a plaintiff's claim for failure to state a claim for which relief may be granted. To survive such a motion, "the plaintiff must plead 'enough facts to state a claim for relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). In other words, the plaintiff must provide enough factual allegations which, taken as true, raise his right to relief "above the speculative level." *Twombly*, 127 S.Ct. at 1965. The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether it is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

## III.
### ANALYSIS

Nix's second Motion to Dismiss [doc. 55] urges the same grounds for dismissal that were raised in the first motion [doc. 33], in addition to arguing for the dismissal of the tort claims. Therefore the first motion should be denied as moot, and we will instead address the merits of the arguments raised through the second.

*A. Prescription*

Nix urges that Vincent's claims have prescribed as the incident at the Sulphur McDonald's is alleged to have occurred on April 17, 2016, and yet Vincent's original complaint in this matter was not filed until April 26, 2017. Doc. 1.

There is no federal statute of limitations for actions brought pursuant to § 1983, and so the applicable limitations period is determined by the forum state's statute concerning personal injury claims. *Treadwell v. St. Tammany Parish Jail*, 599 Fed. App'x 189, 190 (5th Cir. 2015) (per curiam). In Louisiana, a one-year prescriptive period applies to delictual claims under Civil Code article 3492 and thus governs claims brought in this state under § 1983. *Id.* However, federal law governs the determination of when a § 1983 claim accrues. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). Under federal law, the limitations period on a § 1983 claim does not begin to run until the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987). "A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). Here there is no indication that Vincent would have become aware of the alleged false statements or conspiracy involving Nix prior to his (Vincent's) arrest on April 27, 2016. Accordingly, Vincent's § 1983 claims have not prescribed.

The one-year prescriptive period under Article 3492 also applies to Vincent's tort claims. LA. CIV. CODE art. 3492. In the absence of federal preemption, state law governs prescription as to those claims. *E.g.*, *Castro v. Collecto, Inc.*, 634 F.3d 779, 784 (5th Cir. 2011). Under Article 3492, "prescription commences to run from the day injury or damage is sustained." LA. CIV. CODE

art. 3492. Assuming that Vincent was not injured until actually arrested on April 27, 2016, these claims have not prescribed.

### B. Section 1983

Nix argues that Vincent fails to state a claim under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). A private party can be held liable under § 1983 if it willfully participated in a conspiracy with a state actor. *E.g.*, *Three Legged Monkey, LP v. City of El Paso*, 2015 WL 12915683, *2 (W.D. Tex. Jan. 8, 2015). To state an actionable conspiracy claim under § 1983, a plaintiff must allege (1) "an agreement between private and public defendants to commit an illegal act" and (2) "an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). However, a heightened standard exists for pleading conspiracy under civil rights statutes and plaintiffs "must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient." *Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir. 1987) (footnote omitted).

Nix challenges the § 1983 claims for failing to show that he was a state actor. However, Vincent is attempting to show that he was acting under color of state law through his involvement in a conspiracy with law enforcement defendants to effect Vincent's false arrest and imprisonment. False arrest/imprisonment are recognized as "constitutional torts" giving rise to a claim under § 1983 where it is shown that the plaintiff was arrested without probable cause, even if the arrest is completed pursuant to a warrant. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655–56 (5th Cir. 2004) (citing *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001)); *Malley v. Briggs*, 106 S.Ct. 1092

(1986). Vincent maintains that Nix, Barkate, and Louviere worked with law enforcement defendants to have him charged and arrested, though all the parties allegedly knew him to be innocent of any crime relating to the altercation at McDonald's. To this end he contends that Nix, Barkate, and Louviere met with CPSO deputies on three occasions in the ten days leading up to the arrest, and asserts that CPSO ultimately pursued a warrant for his arrest despite having been shown video footage which allegedly exonerated him. Doc. 5, pp. 14–15, 28, 34, 38. At the pleading stage, Vincent's allegations are sufficient to support his claims against Nix premised on a conspiracy under § 1983. Therefore the motion should be denied as to these claims.

### C. *Tort Claims*

Finally, Nix alleges that Vincent's tort claims are "barebone assertions" and that there are no facts to support his legal conclusions. Doc. 55, att. 1, p. 4. However, Vincent's third amended complaint reflects his intention to assert claims against Nix under Louisiana Civil Code article 2315 and 2324 for taking part in a conspiracy to commit the intentional torts of false arrest and false imprisonment against Vincent, and for committing the tort of abuse of process. Doc. 35, pp. 5–6, 8–9. Vincent has set out adequate factual allegations to support these claims at the pleading stage. *See Morin v. Caire*, 77 F.3d 116, 122–23 (5th Cir. 1996) (malice is an essential element of these torts, and may be inferred from a lack of probable cause). Accordingly, the Motion to Dismiss should likewise be denied as to Vincent's tort claims.

### IV.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that the second Motion to Dismiss [doc. 55] be **DENIED** and that the first Motion to Dismiss [doc. 33] be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 24th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE